JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys Defendant
Cavalry Portfolio Services, LLC,
sued erroneously as Cavalry Portfolio Services

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK URIBE,<br><br>        Plaintiff,<br><br>    vs.<br><br>CAVALRY PORTFOLIO SERVICES,<br><br>        Defendant. | CASE NO. CV13-9414 ABC-AJWx<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT BY DEFENDANT; MEMORANDUM IN SUPPORT**<br><br>Date:  February 3, 2014<br>Time:  10:00 a.m.<br>Ctrm:  680<br><br>The Honorable Audrey B. Collins |

1   TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:

2       PLEASE TAKE NOTICE that on Monday, February 3, 2014 at 10:00 a.m. in

3   courtroom 680 of the above Court, located at 255 East Temple Street, Los Angeles,

4   California, 90012, the Honorable Audrey B. Collins presiding, defendant Cavalry

5   Portfolio Services, LLC, erroneously sued as Cavalry Portfolio Services, will and

6   hereby does move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal

7   Rules of Civil Procedure, dismissing the claims in the complaint.

8       This motion is made following the conference of counsel in an effort to

9   comply with Local Rule 7-3, which took place by letter on December 20, 2013 after

10   counsel for Defendant was unable to contact Plaintiff by telephone.  A copy of the

11   December 20, 2013 letter is attached hereto as "**Exhibit A.**"  This motion is made

12   on the grounds that the complaint fails to state facts sufficient to constitute a cause

13   of action against Defendant under the Fair Debt Collection Practices Act, 15 U.S.C.

14   §§ 1692, *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, or for

15   defamation.

16       This motion will be based on this Notice of Motion and Motion, the

17   Memorandum of Points and Authorities in Support of the Motion filed herewith, all

18   of the other papers on file in this action, and such other and further evidence or

19   argument as the Court may allow.

20

21   DATED: December 27, 2013      SIMMONDS & NARITA LLP

22                                     JEFFREY A. TOPOR
                                  LINDSEY A. MORGAN

23

24                                 By:  s/Jeffrey A. Topor

25                                     Jeffrey A. Topor
                                  Attorneys for Defendant

26                                     Cavalry Portfolio Services, LLC
                                  erroneously sued as Cavalry Portfolio

27                                     Services

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.     ALLEGATIONS OF THE COMPLAINT  . . . . . . . . . . . . . . . . . . . . . . . . .   2

III.    ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

        A.   Legal Standard  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

        B.   Uribe Has Failed To Plead The Essential Elements Of An
             FDCPA Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

             1.   Uribe Has Not Pled That Cavalry Is A "Debt Collector"
                  Or  That It Was Seeking To Collect A "Debt" . . . . . . . . . . . .   4

             2.   Uribe Has Not Adequately Pled A Claim Under Section
                  1692g Of The FDCPA  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

             3.   Uribe Has Not Adequately Pled A Claim Under Section
                  1692d Of The FDCPA  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

        C.   Uribe Has Failed To Sufficiently Plead The Essential Elements
             Of A Plausible FCRA Claim  . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

        D.   Uribe's Defamation Claim Is Preempted By The FCRA . . . . . . . . . .   8

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aquino v. Capital One Fin. Corp.*
2008 WL 1734752 (N.D. Cal. Apr. 14, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bernstein v. Noteworld, LLC*
2010 WL 3154518 (D. Nev. Aug. 9, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Conley v. Gibson*
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Davis v. Maryland Bank*
2002 WL 32713429 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Dokumaci v. MAF Collection Servs.*
2010 WL 2560024 (M.D. Fla. June 17, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*El-Aheidab v. Citibank (South Dakota), N.A.*
2012 WL 506473 (N.D. Cal. Feb. 15, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Fleischman v. Care Credit*
2012 WL 6082893 (C.D. Cal. Dec. 6, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Gorman v. Wolpoff & Abramson, LLP*
584 F.3d 1147 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*Howard v. Blue Ridge Bank*
371 F. Supp. 2d 1139 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Iyigun v. Cavalry Portfolio Servs., LLC*
2013 WL 93114 (C.D. Cal. Jan. 8, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Johnson v. Riverside Healthcare Sys., L.P.*
534 F.3d 1116 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Keshishian v. AFNI Inc.*
2012 WL 5378819 (C.D. Cal. Nov. 1, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*MacPherson v. JP Morgan Chase Bank, N.A.*
665 F.3d 45 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mahon v. Credit Bureau of Placer Cnty. Inc.*
171 F.3d 1197 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mann v. Wells Fargo Bank*
2012 WL 3727369 (N.D. Cal. Aug. 27, 2012) . . . . . . . . . . . . . . . . . . . . . . . 11

*Miller v. Bank of Am.. N.A.*
858 F. Supp. 2d 1118 (S.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Montgomery v. PNC Bank, N.A.*
2012 WL 3670650 (N.D. Cal. Aug. 24, 2012) . . . . . . . . . . . . . . . . . . . . . . . 11

*Mortimer v. Bank of Am., N.A.*
2013 WL 57856 (N.D. Cal. Jan. 3, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nelson v. Chase Manhattan Mortgage Co.*
282 F.3d 1057 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pacheco v. Citibank (South Dakota), N.A.*
2007 WL 1241934 (N.D. Cal. Apr. 27, 2007) . . . . . . . . . . . . . . . . . . . . . . . 10

*Perez v. Bank of Am.*
*N.A.,* 2013 WL 1410131 (N.D. Cal. Apr. 8, 2013) . . . . . . . . . . . . . . . . . . . 3

*Premium Mortgage Corp. v. Equifax, Inc.*
583 F.3d 103 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pretlow v. AFNI, Inc.*
2008 WL 345593 (W.D. Va. Feb. 7, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Purcell v. Bank of Am.*
659 F.3d 622 (7th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Riley v. Equifax Credit Info. Servs., Inc.*
194 F. Supp. 2d 1239 (S.D. Ala. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ross v. F.D.I.C.*
625 F.3d 808 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Samuel v. CitiMortgage, Inc.*
2013 WL 1401491 (N.D. Cal. Apr. 10, 2013) . . . . . . . . . . . . . . . . . . . . . . . 11

*Stejic v. Aurora Loan Servs., LLC*
2009 WL 4730734 (D. Ariz. Dec. 1, 2009) . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

//
//
//
//

# FEDERAL STATUTES

Fair Credit Reporting Act
    15 U.S.C. §§ 1681, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    § 1681(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    § 1681(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    § 1681h(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10
    § 1681s-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10
    § 1681s-2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 11
    § 1681s-2(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11
    § 1681s-2(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    § 1681s-2(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    § 1681s-2(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    § 1681t(b)(1)(F) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 11

Fair Debt Collection Practices Act
    15 U.S.C. § 1692 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*
    § 1692a(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    § 1692a(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    § 1692a(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5
    § 1692c(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7
    § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6
    § 1692g(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Federal Rules of Civil Procedure
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11

# OTHER AUTHORITY

Business and Professions Code
    § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Rick Uribe ("Uribe") sued defendant Cavalry Portfolio Services, LLC ("Cavalry")[1] in Small Claims Court in Los Angeles County for claims arising under federal law.  Cavalry removed the action and now moves to dismiss on the ground that Uribe's complaint fails to state a claim upon which relief can be granted.

In his complaint, Uribe alleges that Cavalry violated the Fair Debt Collection Practices Act ("FDCPA"),[2] the Fair Credit Reporting Act ("FCRA"),[3] defamed his character, and harassed him in connection with its efforts to collect a financial obligation without providing evidence that he in fact owed the alleged debt.  His bare-bones complaint fails to meet the threshold to state a claim under either Act or for defamation.  He does not allege that Cavalry is a "debt collector" or that the account it was trying to collect was a "debt" as defined by the FDCPA.  In fact, the complaint fails to allege any facts showing that Cavalry committed any conduct proscribed by applicable federal law.  Furthermore, Uribe lacks standing to pursue a FCRA claim based on information that Cavalry may have furnished to any consumer reporting agency, and his defamation claim is preempted by the FCRA.

The pleading should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Unless Uribe can demonstrate to the Court that he can plead a sufficient claim for relief against Cavalry, the Complaint should be dismissed without leave to amend and the action dismissed with prejudice.

---

[1] Erroneously sued as Cavalry Portfolio Services.

[2] 15 U.S.C. §§ 1692, *et seq.*

[3] 15 U.S.C. §§ 1681, *et seq.*

## II.    ALLEGATIONS OF THE COMPLAINT

Uribe alleges that Cavalry violated the FDCPA and FCRA, defamed him, and harassed him between July 25, 2013 and November 15, 2013, when it "failed to provide evidence that I owe this alleged debt." Complaint at ¶¶ 3(a), (b).  He claims this entitles him to $5,000 from Cavalry. *Id.* at ¶ 3.  These sparse allegations make up the entirety of Uribe's Complaint.

## III.   ARGUMENT

### A.    Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To "state a claim" for relief, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.  The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") include the analytical framework that courts must use when evaluating motions to dismiss.

In *Twombly*, the Court expressly rejected the "no set of facts" test that it had articulated a half-century earlier in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See Twombly*, 550 U.S. at 562-63.  The Court held that although "detailed factual allegations" are not required at the pleading stage, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  There must be sufficient facts pled to state a claim to relief that is "plausible on its face." *Id*. at 570.  In *Iqbal*, the Court stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

1 acted unlawfully." *Iqbal*, 556 U.S. at 678.

2  Thus, the first step when evaluating a motion to dismiss is to identify the

3 legal conclusions, because they "are not entitled to the assumption of truth." *Id.*

4 at 679.  Next, with respect to any "well-pleaded factual allegations" in the

5 complaint "a court should assume their veracity and then determine whether they

6 plausibly give rise to an entitlement to relief." *Id.*  The determination of whether

7 a plausible claim for relief has been stated is "a context-specific task" that

8 requires a court to "draw on its judicial experience and common sense." *Id.*

9  Dismissal is therefore proper under Rule 12(b)(6) where a court finds

10 either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient

11 facts alleged under a cognizable legal theory.  *See Johnson v. Riverside*

12 *Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008).

13

14  **B. Uribe Has Failed To Plead The Essential Elements Of An FDCPA Claim**

15  Uribe has not identified any section of the FDCPA that Cavalry allegedly

16 violated, nor has he set forth any facts that might constitute a valid FDCPA claim.

17 Instead, he merely alleges that Cavalry violated the FDCPA because it "failed to

18 provide evidence that [he] owe[s] this alleged debt," and harassed him.  *See*

19 Complaint at ¶ 3(a).  These conclusory statements, which are not even tied to any

20 particular subsection of the FDCPA, are insufficient to allege a cognizable claim.

21  To state a claim under the FDCPA, a plaintiff must not only identify the

22 applicable section of the Act under which relief is sought, but must also allege

23 facts showing that the essential elements of the cause of action are satisfied.  *See,*

24 *e.g.*, *Perez v. Bank of Am., N.A.,* 2013 WL 1410131, *3 (N.D. Cal. Apr. 8, 2013)

25 ("To state a claim under the FDCPA, a plaintiff must show: (1) that he is a

26 consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the

27 debt arises out of a transaction entered into for personal purposes; (3) that the

28 defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4)

that the defendant violated one of the provisions in the FDCPA . . . ."); *Dokumaci v. MAF Collection Servs.*, 2010 WL 2560024, *1 (M.D. Fla. June 17, 2010). Accordingly, "[t]o state a claim for violation of the Fair Debt Collection Practices Act, a plaintiff must allege, *inter alia*, that . . . the defendant collecting the 'debt' is a 'debt collector' . . . ." *Aquino v. Capital One Fin. Corp.*, 2008 WL 1734752, *1 (N.D. Cal. Apr. 14, 2008) (internal quotation marks omitted; ellipses in original).  Uribe has failed to clear this threshold.

### 1. Uribe Has Not Pled That Cavalry Is A "Debt Collector" Or That It Was Seeking To Collect A "Debt"

As an initial matter, the complaint should be dismissed because Uribe fails to allege facts sufficient to demonstrate that Cavalry is a "debt collector" or that it was seeking to collect a "debt," as those terms are defined by the FDCPA.[4] *See, e.g., Iyigun v. Cavalry Portfolio Servs., LLC*, 2013 WL 93114, *2 (C.D. Cal. Jan. 8, 2013) (dismissing FDCPA claims because complaint "does not include any factual allegations to support the contention that [defendant] is a 'debt collector' or that it engages in collection of a 'debt' within the meaning of the statutes"); *Keshishian v. AFNI Inc.*, 2012 WL 5378819, *2 (C.D. Cal. Nov. 1, 2012) (Plaintiff's "one sentence" allegation that Defendants are "debt collectors" under the FDCPA insufficient to state a claim); *Stejic v. Aurora Loan Servs., LLC*, 2009 WL 4730734, *3 (D. Ariz. Dec. 1, 2009) ("Plaintiff's legal conclusion that [defendant] . . . is a debt collector is insufficient to survive dismissal").

---

[4] The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). A "debt collector," meanwhile, is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

1    Uribe merely alleges that Cavalry has not provided evidence that he owed
2  "this alleged debt."  Complaint at ¶3(a).  Bald legal conclusions – such as the
3  obligation at issue is an "alleged debt" – do not suffice to state a valid claim.  *See,*
4  *e.g., Bernstein v. Noteworld, LLC*, 2010 WL 3154518, *4 (D. Nev. Aug. 9, 2010)
5  (dismissing FDCPA claims with leave to amend where plaintiff failed to make
6  allegation required under § 1692a(6)); *Stejic*, 2009 WL 4730734 at *3 (holding
7  that "Plaintiff's legal conclusion that [defendant] . . . is a debt collector is
8  insufficient to survive dismissal").  Uribe has not stated a claim for relief under
9  the FDCPA, and his claim must be dismissed.

10
11              **2.    Uribe Has Not Adequately Pled A Claim Under Section
                        1692g Of The FDCPA**

12    Even if Uribe had plead the essential elements of an FDCPA claim
13  generally, he has not pled a valid claim under the Act.  Liberally construing his
14  complaint, the only provisions of the FDCPA that <u>might</u> apply here are
15  subsections 1692d and 1692g.

16    To the extent that Uribe's allegation that Cavalry "failed to provide
17  evidence that I owe this alleged debt" can be construed as an attempt to assert a
18  claim under section 1692g, the claim fails.  *See* Complaint at ¶3(a).  Section
19  1692g(b) of the FDCPA requires a debt collector, upon receipt of a timely written
20  request, to provide written "verification of the debt" to the consumer before
21  continuing with further collection activity.  Specifically, that section provides that
22  if the consumer disputes the debt in writing "within the thirty day period
23  described in subsection (a) of this section," then the debt collector "shall cease
24  collection of the debt, or any disputed portion thereof, until the debt collector
25  obtains verification of the debt or a copy of a judgment," and a copy of the
26  verification or judgment is mailed to the consumer by the debt collector.  15
27  U.S.C. § 1692g(b).

28    To plead a claim arising under section 1692g(b), a plaintiff must allege the

following facts: 1) the date of an initial communication from the debt collector to the plaintiff; and 2) the date the plaintiff made a request for validation by submitting a timely written request within the thirty day period allowed by the statute. *See, e.g., Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1202-03 (9th Cir. 1999) (request for verification made outside thirty-day period did not trigger obligation to verify debt); *Pretlow v. AFNI, Inc.*, 2008 WL 345593, *1 (W.D. Va. Feb. 7, 2008) ("Moreover, the validation provision of § 1692g is triggered only by the consumer's receipt of the formal 'written notice' that the debt collector is required to send under § 1692g(a). Plaintiffs have not alleged that they received any communications from Defendant which would form the basis of a debt validation claim. Their claim is based, rather, on communications between Defendant and certain credit reporting agencies. Section 1692g is therefore inapplicable on the facts pled.").

Uribe alleges only that Cavalry "failed to provide evidence that I owe this alleged debt." Complaint at ¶ 3(a). His complaint does not include any details regarding when he received an initial communication from Cavalry, or whether and when he made a written request for validation. To the extent he seeks relief under section 1692g of the FDCPA, his complaint must be dismissed.

### 3.    Uribe Has Not Adequately Pled A Claim Under Section 1692d Of The FDCPA

A liberal reading of the complaint might also suggest that Uribe intends to bring his claim under section 1692d of the FDCPA, because he claims Cavalry engaged in "harassment." Complaint at ¶3(a). Section 1692d prohibits harassing conduct "in connection with the collection of a debt," specifically, threats to harm the debtor, using obscene or profane language, publishing a deadbeat list, advertising to coerce payment, and abusing a telephone. *See* 15 U.S.C. § 1692. There are no facts supporting such a claim alleged in the complaint. Indeed, there are no allegations whatsoever that Cavalry ever took any action to collect any

1  financial obligation from Uribe.  To the extent Uribe intended to pursue a claim

2  under section 1692d of the FDCPA, the claim fails.

3

         **C.**    **Uribe Has Failed To Sufficiently Plead The Essential Elements**

4              **Of A Plausible FCRA Claim**

5      Uribe contends that Cavalry violated the FCRA, but he provides no factual

6  details to support an FCRA claim.  *See* Complaint at ¶ 3.  To the extent he seeks

7  to pursue a claim against Cavalry based upon allegedly inaccurate or incomplete

8  information furnished by Cavalry to consumer reporting agencies ("CRAs"), he

9  lacks standing to bring such a claim.

10      Congress passed the FCRA as part of its efforts to balance the legitimate

11  needs of furnishers of consumer information (like Cavalry) with its concern for

12  protecting consumer privacy.  *See* 15 U.S.C. §§ 1681(a), (b); *Gorman v. Wolpoff*

13  *& Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009).  The FCRA was

14  aimed at curbing the industry's worst abuses – it was not designed to prohibit all

15  furnishing of information, including negative information.  "The Fair Credit

16  Reporting Act . . . was a product of political compromise enacted for the specific

17  purpose of curbing only the *worst abuses* by the credit reporting industry and its

18  clients."  *Riley v. Equifax Credit Info. Servs., Inc.*, 194 F. Supp. 2d 1239, 1244

19  (S.D. Ala. 2002) (quoted citation omitted and emphasis added).

20      Section 1681s-2(a) of the FCRA obligates furnishers like Cavalry to ensure

21  that the information they report to CRAs about consumer accounts is complete

22  and accurate.  *See* 15 U.S.C. § 1681s-2(a).[5]  The Ninth Circuit, however, has held

23  _____

24      [5] This provision does not ban the reporting of negative information.  Rather,

25  it provides that a furnisher "shall not furnish any information relating to a consumer
   to any consumer reporting agency if the person knows or has reasonable cause to

26  believe that the information is inaccurate," *id.* § 1681s-2(a)(1)(A), or "if the person
   has been notified by the consumer . . . that specific information is inaccurate; and .

27  . . the information is, in fact, inaccurate," *id.* § 1681s-2(a)(1)(B).  The Act also

28  imposes upon furnishers a duty "to correct and update information . . . that the person

1   that no private right of action exists to enforce a furnisher's duties under section

2   1681s-2(a).  *See Nelson v. Chase Manhattan Mortgage Co.*, 282 F.3d 1057, 1059

3   (9th Cir. 2002).  As the Ninth Circuit observed, Congress "did not want furnishers

4   of credit information exposed to suit by any and every consumer dissatisfied with

5   the credit information furnished," and for this reason Congress "limited the

6   enforcement of the duties imposed by § 1681s-2(a) to governmental bodies."  *Id.*

7   at 1060.

8          Under *Nelson*, Uribe lacks standing to sue Cavalry under section 1681s-

9   2(a) based on an allegation that Cavalry furnished inaccurate or incomplete

10  information to a CRA.  Uribe's conclusory allegation that Cavalry violated the

11  FCRA does not meet the minimum pleading requirements and his claim must be

12  dismissed.

13         **D.     Uribe's Defamation Claim Is Preempted By The FCRA**

14         Uribe also alleges Cavalry is liable for "defamation of character."

15  Complaint at ¶ 3(a).  He provides no further information, and thus has not stated a

16  valid claim.  To the extent his claim is based upon allegedly false information

17  furnished by Cavalry to the CRAs, the claim is preempted by the FCRA.

18         To ensure uniform federal regulation of furnishers, Congress included two

19  preemption provisions in the FCRA:  sections 1681h(e) and 1681t(b)(1)(F).  *See,*

20  *e.g., Gorman*, 584 F.3d at 1165-66.  Congress did so to avoid exposing furnishers

21  of credit information to "different liabilities . . . depending on the state of suit."

22  *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1144 (N.D. Cal. 2005).

23         Section 1681h(e), which is the narrower of the two provisions that was

24

25  _____

26  determines is not complete or accurate."  *Id.* § 1681s-2(a)(2).  In addition, "[i]f the
    completeness or accuracy of any information furnished by any person to any
27  consumer reporting agency is disputed to such person by a consumer, the person may
    not furnish the information to any consumer reporting agency without notice that such
28  information is disputed by the consumer."  *Id.* § 1681s-2(a)(3).

included when the FCRA was enacted in 1970, prohibits consumers from bringing defamation-type claims against furnishers regarding "the reporting of information" unless a plaintiff can prove that the information was "furnished with malice or willful intent to injure." 15 U.S.C. § 1681h(e).

Section 1681t(b)(1)(F), the broader provision that was added in 1996 when Congress added section 1681s-2, preempts <u>any state-law claim</u> that implicates the duty of a furnisher to transmit accurate credit information to a CRA and to investigate consumer disputes. *See* 15 U.S.C. § 1681t(b)(1)(F). The section reflects Congress's intent to preempt any state law imposing a "requirement or prohibition" on "any subject matter regulated" by section 1681s-2 of the FCRA. This broader, later-enacted provision applies here and preempts Iyigun's claim for defamation.

California federal courts have repeatedly held that state law claims based on the responsibilities of furnishers are preempted by the FCRA. For example, the plaintiff in *Howard* filed claims under section 17200 of the Business & Professions Code based on defendants' alleged furnishing of false information to the CRAs. *See Howard*, 371 F. Supp. 2d at 1142. The federal court dismissed the claim, noting it was barred by the "plain meaning" of the FCRA:

> **The plain meaning of section 1681(b)(1)(F)** that '[n]o requirement or prohibition may be imposed under the laws of any State (1) with respect to the subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies' – **expresses Congress's intent to preclude state law claims against furnishers of information, and instead to subject them solely to the FCRA.**

*Id*. at 1144 (emphasis added).[6]

---

[6] Similarly, in *Davis v. Maryland Bank*, 2002 WL 32713429 (N.D. Cal. 2002), the court noted that the majority of district courts addressing the issue have held that section 1681t(b)(1)(F) preempts any state law claim – be it statutory or common law – if the claim falls within the "subject matter" regulated by section 1681s-2 of the statute. *See id*. at **12-13; *see also El-Aheidab v. Citibank (South Dakota), N.A.*, 2012 WL 506473, *7 (N.D. Cal. Feb. 15, 2012) (finding the majority of Ninth Circuit

1    Until recently, some courts perceived a conflict between sections 1681h(e)

2  and 1681t(b)(1)(F), and tried to reconcile them, resulting in a variety of different

3  approaches to determine which provision applied.[7]  In 2011, however, two federal

4  appellate courts concluded that the two provisions do <u>not</u> actually conflict, and

5  that <u>all</u> state-law claims based on furnishing information to CRAs are preempted

6  by section 1681t(b)(1)(F).  *See MacPherson v. JP Morgan Chase Bank, N.A.*, 665

7  F.3d 45, 47 (2d Cir. 2011) (per curiam); *Purcell v. Bank of Am.,* 659 F.3d 622,

8  625-26 (7th Cir. 2011).  As the Seventh Circuit explained:

9        Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996,
         Congress added § 1681t(b)(1)(F) to the United States Code.  The same
10       legislation also added § 1681s–2.  The extra federal remedy in § 1681s–2
         was accompanied by extra preemption in § 1681t(b)(1)(F), in order to
11       implement the new plan under which reporting to credit agencies would be
         supervised by state and federal administrative agencies rather than judges.
12       Reading the earlier statute, § 1681h(e), to defeat the later-enacted system in
         § 1681s–2 and § 1681t(b)(1)(F), would contradict fundamental norms of
13       statutory interpretation.

14  *Purcell*, 659 F.3d at 625; *accord MacPherson*, 665 F.3d at 47 ("MacPherson's

15  basic premise is false: the 1996 provision, § 1681t(b)(1)(F), is not in conflict with

16  § 1681h(e), and § 1681h(e) does not insulate state tort actions from

17  preemption.").  This approach – referred to as the "total preemption" approach –

18  has been overwhelmingly followed by district courts throughout California,

19  which have found that all state statutory and common-law claims are preempted

20  _____

21  district courts hold that all state statutes and common law claims are preempted by

22  1681t(b)(1)(F)); *Pacheco v. Citibank (South Dakota), N.A.*, 2007 WL 1241934, *2
     (N.D. Cal. Apr. 27, 2007) ("Any state statutory or common law claims premised on

23  the provision of inaccurate or false information to a consumer reporting agency are

24  therefore preempted by the FCRA.").

25       [7] *See, e.g., Gorman*, 584 F.3d at 1166-67 (declining to resolve perceived
     conflict); *Ross v. F.D.I.C.*, 625 F.3d 808, 814 n.* (4th Cir. 2010) (noting that courts

26  have taken various steps to resolving "the alleged conflict between § 1681h(e) and

27  § 1681t(b)(1)(F)," but not addressing issue); *Premium Mortgage Corp. v. Equifax,

28  Inc.*, 583 F.3d 103, 106 n.2 (2d Cir. 2009) (referring to "perceived tension" between
     two provisions).

1    by the FCRA.[8]

2         To the extent that Uribe's "defamation of character" claim is based on

3    Cavalry's alleged furnishing of information to the CRAs, such conduct arises

4    directly under section 1681s-2(a)(1)(A) of the FCRA.  Thus, Uribe's defamation

5    claim is based entirely on subject matter that is governed by section 1681s-2(a) of

6    the FCRA, and is therefore preempted.

7

8    **IV.    CONCLUSION**

9         Uribe has not stated a valid claim for relief.  His conclusory allegations that

10   Cavalry violated his rights under the FDCPA and FCRA, and defamed him, do

11   not meet the basic pleading standards.  Cavalry respectfully requests that the

12   Court issue an Order dismissing the complaint, pursuant to Rule 12(b)(6) of the

13

14   _____

15   [8] *See, e.g., Samuel v. CitiMortgage, Inc.*, 2013 WL 1401491, **3-4 (N.D. Cal.
     Apr. 10, 2013) (adopting total preemption approach; claims under California Unfair
16   Competition Law, and for intentional and negligent misrepresentation, constructive
     fraud and slander of title preempted); *Mortimer v. Bank of Am., N.A.*, 2013 WL
17   57856, **10-11 (N.D. Cal. Jan. 3, 2013) (adopting total preemption approach; claims
18   under California Song-Beverly Credit Card Act and for libel, intentional and
     negligent infliction of emotional distress, deceit and constructive fraud preempted);
19   *Fleischman v. Care Credit*, 2012 WL 6082893, **5-6 (C.D. Cal. Dec. 6, 2012)
20   (adopting total preemption approach; claims under California Song-Beverly Credit
     Card Act preempted); *Mann v. Wells Fargo Bank*, 2012 WL 3727369, *4 (N.D. Cal.
21   Aug. 27, 2012) (claim for defamation preempted)*; Montgomery v. PNC Bank, N.A.*,
22   2012 WL 3670650, *6 (N.D. Cal. Aug. 24, 2012) (adopting total preemption
23   approach; claims for libel, intentional and negligent infliction of emotional distress,
     deceit and constructive fraud preempted); *Miller v. Bank of Am., N.A.*, 858 F. Supp.
24   2d 1118, 1126 (S.D. Cal. 2012) (negligence claim preempted by § 1681t(b)(1)(F):
25   "Plaintiff's allegations put his negligence claim within the purview of section 1681s-
     2, because they clearly involve duties and responsibilities required of furnishers of
26   credit information."); *El-Aheidab v. Citibank (South Dakota), N.A.*, 2012 WL 506473,
27   **7-8 (N.D. Cal. Feb. 15, 2012) (negligence claim preempted by section
     1681t(b)(1)(F); "the majority of district courts in this circuit have also adopted the
28   total preemption approach").

1  Federal Rules of Civil Procedure.  Unless Uribe demonstrates that he can amend

2  his complaint to state a valid claim, the complaint should be dismissed with

3  prejudice.

4

5  DATED: December 27, 2013          SIMMONDS & NARITA LLP
                                     JEFFREY A. TOPOR
6                                    LINDSEY A. MORGAN

7

8                                    By:  s/Jeffrey A. Topor
                                         Jeffrey A. Topor
9                                        Attorneys for Defendant
                                         Cavalry Portfolio Services, LLC
10                                       erroneously sued as Cavalry
                                         Portfolio Services
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

# SIMMONDS & NARITA LLP

ATTORNEYS AT LAW
44 MONTGOMERY STREET, SUITE 3010
SAN FRANCISCO, CALIFORNIA 94104-4816
TELEPHONE (415) 283-1000
FAX (415) 352-2625
www.snllp.com

LINDSEY A. MORGAN
DIRECT DIAL (415) 283-1004
EMAIL lmorgan@snllp.com

December 20, 2013

**VIA FEDERAL EXPRESS**

Rick Uribe
2150 S. Garfield Ave.
Monterey Park, CA 91754

Re:     Uribe v. Cavalry Portfolio Services, LLC

Dear Mr. Uribe:

This firm represents Cavalry Portfolio Services, LLC ("Cavalry") in connection with the small claims case you filed against Cavalry (case number 13G07040) in Los Angeles Superior Court. The case is in the process of being removed to the Central District of California today, and you will receive documents next week with the new case number.

I am writing to inform you that Cavalry intends to file a motion to dismiss your case in federal court. I am writing in an attempt to meet and confer with you prior to filing the motion, as required by Local Rule 7-3. Cavalry's position is that your complaint fails to state a claim upon which relief can be granted, and that your allegations are general and conclusory and fail to meet the pleading requirements set forth under federal law.

I called the telephone number on your small claims complaint earlier and left you a voicemail message explaining all of the above. I also called T&A Legal Group, which previously sent a letter on your behalf, to attempt to talk to your attorney, and left a voicemail message there, as well.

Please call me to discuss this.

Very truly yours,

Lindsey A. Morgan

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1)  **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT BY DEFENDANT; MEMORANDUM IN SUPPORT**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Rick Uribe
2150 S. Garfield Avenue
Monterey Park, CA 91754
*Plaintiff in Pro Per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at San Francisco, California on this 27th day of December, 2013.

Coral J. Cogbill